Richard H. Friedman (CA Bar No. 221622)
rfriedman@friedmanrubin.com
FRIEDMAN | RUBIN
51 University Street, Suite 201
Seattle, WA 98101
Ph: 206-501-4446
Fax: 206-623-0794

*Attorneys for Plaintiff Richard Pohly*

DENIED
Judge Jon S. Tigar

Dated: September 16, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br> v.<br><br>INTUITIVE SURGICAL, INC., a Delaware corporation,<br><br>    Defendant. | Civil Action No. 3:13-CV-04863 JST<br><br>**ADMINISTRATIVE MOTION OF MOVANT RICHARD POHLY TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N.D. Cal. Civ. L.R. 3-12, 7-11] |
| RICHARD POHLY,<br><br>    Plaintiff,<br><br> v.<br><br>INTUITIVE SURGICAL, INC., a Delaware corporation headquartered in California,<br><br>    Defendant. | Civil Action No. 5:15-cv-04113-PSG<br><br>**ADMINISTRATIVE MOTION OF PLAINTIFF RICHARD POHLY TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N.D. Cal. Civ. L.R. 3-12, 7-11] |

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED – Page 1
*Pohly v. ISI*

FRIEDMAN | RUBIN
51 University Street, Suite 201
Seattle, WA 98101-3614
(206) 501-4446

1   TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2   Pursuant to N.D. Cal. Civil Local Rules 3-12 and 7-11, Movant and Plaintiff Richard
3   Pohly ("Pohly") hereby files this Administrative Motion to Consider Whether Cases Should Be
4   Related to consider whether the cases *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.,* No.
5   3:13-cv-04113-PSG (the "*Illinois Union* case"), which has already been determined to be
6   related to *Navigators Specialty Ins. Co. v. Intuitive Surgical, Inc.*, Case No. 3:13-cv-05801 (the
7   "*Navigators* case") should be related to the case of *Pohly v. Intuitive Surgical, Inc.*, Case No.
8   5:15-cv-04113-JST (the "*Pohly* case ").

9   **I.   ACTION REQUESTED**

10  An order pursuant to Civil Local Rule 3-12 relating the *Pohly* case and the *Illinois Union*
11  case, which has already been found to be related to the *Navigators* case, and assigning this case
12  to the judge currently assigned to the *Illinois Union* and *Navigators* cases.

13  **II.   REASONS SUPPORTING THE REQUEST**

14  The applicable standard is contained in Civil Local Rule 3-12: "An action is related to
15  another when (1) The actions concern substantially the same parties, property, transaction or
16  event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and
17  expense or conflicting results if the cases are conducted before different judges."

18  The *Pohly* case and the *Illinois Union-Navigators* cases are related because they involve
19  substantially the same parties and events. *See* Civ. L.R. 3-12(a)(1). If the cases are conducted
20  before different judges, there will likely be a burdensome duplication of labor and expense. *See*
21  Civ. L.R. 3-12(a)(2).

22

23

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES
SHOULD BE RELATED – Page 2
*Pohly v. ISI*

FRIEDMAN | RUBIN
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446

A.  **_Pohly_ and _Illinois Union/Navigators_ Involve Substantially the Same Parties.**

    1.  **Titles and Case Numbers**

The *Pohly* case:  *Richard Pohly v. Intuitive Surgical, Inc.,* No. 5:15-cv-04113-PSG.

The *Illinois Union* case:   *Illinois Union Insurance Company v. Intuitive Surgical, Inc.,* No. 3:13-CV-04863 JST.

Intuitive Surgical, Inc., is a named defendant in both the *Pohly* case, the *Illinois Union* case (involving two different insurance companies, as described below), and the *Navigators* case.  Mr. Pohly also believes Intuitive will use the same lead counsel in each of the lawsuits.  Intuitive is defended by Allen Ruby of Skadden Arps in each of the insurance cases.  Mr. Pohly's counsel believes Mr. Ruby will also be lead counsel in the *Pohly* case.  This is because Mr. Ruby has appeared as lead counsel in two other ongoing product liability actions brought by Mr. Pohly's counsel in Washington state.[1]   Thus, even the counsel for the parties are substantially the same.

B.  **_Pohly_ and _Illinois Union/Navigators_ Involve Similar and Interrelated Fact Questions.**

Intuitive Surgical, Inc., the manufacturer of the "da Vinci" surgical robot, has been sued at least 94 times for injuries caused by product defects.[2]  Richard Pohly is the most recent injured person to sue Intuitive, having brought suit in this District on September 9, 2015.[3]

Intuitive apparently sought indemnity from liability arising from these product liability suits from at least three different insurers, each of whom are currently in litigation with Intuitive

---

[1] The undersigned counsel makes this representation as an officer of the Court.  If it is disputed, counsel is happy to provide a sworn declaration to this effect.
[2] *Pohly* case, 5:15-cv-04113-PSG, at Dkt. #1 (complaint), *id.* at ¶14 (93 other suits).
[3] *Id.*

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – Page 3
*Pohly v. ISI*

FRIEDMAN | RUBIN
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446

1 over the indemnity obligation in front of this Court. The first suit was a declaratory action for

2 rescission filed by Illinois Union (the *Illinois Union* case). Navigators, the second insurer,

3 subsequently filed another declaratory action for rescission (the *Navigators* case). Intuitive then

4 cross-complained in the *Illinois Union* case against the third insurer, Ironshore, which counter-

5 claimed against Intuitive for declaratory relief that no obligation is owed. The *Illinois Union*

6 and *Navigators* actions were deemed related by this Court.[4]

7 The insurance cases each ask the question of whether "Intuitive Surgical concealed

8 material information relating to known claims during the application process."[5] It appears,

9 speaking generally, the insurance companies believe Intuitive was aware of numerous injury

10 claims that it put into "tolling agreements" with the injured plaintiffs but failed to disclose those

11 claims to the insurers. Similar issues are raised in the *Pohly* case: Mr. Pohly alleges Intuitive

12 was aware that the defects in its robotic surgery system were causing injuries throughout the

13 country, but that Intuitive failed to disclose these injuries to doctors, hospitals, and the FDA.

14 Thus, each of these suits concerns what Intuitive knew about the injuries its product was

15 causing, and when. In this way, they concern the same "events" under Local Rule 3-12(a)(1).

16 Finally, Mr. Pohly's claim was itself placed into Intuitive's "tolling agreement" system

17 while the parties attempted to resolve the claim short of litigation. Thus, the *Pohly* case

18 provides a concrete example of one of the kinds of cases that Intuitive and its insurers are

19 litigating.

20 ///

21 ///

22

23

---

[4] *Illinois Union* case, 3:13-CV-04863 JST, at Dkt. #20.
[5] *Illinois Union* case at Dkt. #18 (related case motion) at 3:10-12.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – Page 4
*Pohly v. ISI*

FRIEDMAN | RUBIN
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446

### III. CONCLUSION

Mr. Pohly's case involves the same parties, the same counsel, and many of the same interrelated factual questions about the timing of Intuitive's knowledge and disclosure of the injuries caused by its product. For this reason, it makes sense to have the same judge for each of these cases. Doing so will most efficiently use the Court's resources.

DATED: September 10, 2015

*/s/ Richard Friedman*
Richard Friedman, No. 221622
FRIEDMAN| RUBIN
51 University Street, Suite 201
Seattle, WA 98101
Telephone: 206-501-4446
Facsimile: 206-623-0794
Email: rfriedman@friedmanrubin.com

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – Page 5
*Pohly v. ISI*

FRIEDMAN | RUBIN
51 UNIVERSITY STREET, SUITE 201
SEATTLE, WA 98101-3614
(206) 501-4446