ALLEN J. RUBY (SBN 47109)
S. SHERYL LEUNG (SBN 238229)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

LISA M. GILFORD (SBN 171641)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendant*
*INTUITIVE SURGICAL, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POHLY, | No. 3:15-cv-04113 MEJ |
| Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | Judge:  Hon. Maria-Elena James |
| INTUITIVE SURGICAL, INC., a Delaware corporation headquartered in California, | Complaint Filed:  September 9, 2015 |
| Defendant. | |

WHEREAS pursuant to Federal Rule of Civil Procedure 26, the Court and Plaintiff Richard Pohly ("Pohly") and Defendant Intuitive Surgical, Inc. ("Intuitive Surgical") deem it appropriate to limit the disclosure of certain confidential information, as set forth below, and the parties to this Action, by counsel, have stipulated and agreed to give effect to the stipulations set forth below.

IT IS HEREBY ORDERED THAT:

**1.**   Definitions.

  1.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

  1.2   <u>"CONFIDENTIAL INFORMATION"</u>: is information relating to a party's or non-party's trade secrets; research and development information; design and specification information, including without limitation information regarding Intuitive Surgical's robotically-assisted surgery product; confidential business or proprietary information; internal documents regarding marketing or training methods (marketing and training information provided to the public is not deemed confidential); internal sales; financial information or data; technical specifications and mechanical or product information deemed proprietary; manufacturing processes; distribution processes; internal competitive marketing and sales information; and/or personal information.

  1.3   <u>Designated In-House Counsel</u>: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information in this matter.

  1.4   <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

  1.5   <u>HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY INFORMATION</u>: extremely sensitive CONFIDENTIAL INFORMATION the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.6     In-House Counsel: attorneys who are employees or a Party or Non-Party to this action, not including Outside Counsel or any other outside counsel.

1.7     Outside Counsel:  attorneys who are not employees of a party this action but have been retained to represent or advise a Party or Non-Party to this action.

1.8     Protected Material: information or tangible things designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**2.     Coverage.**  The protections conferred by this agreement cover not only CONFIDENTIAL INFORMATION (as defined above), but also (1) any information copied or extracted from CONFIDENTIAL INFORMATION; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL INFORMATION; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal CONFIDENTIAL INFORMATION.  However, the protections conferred by this agreement do not cover information that is in the public domain.

**3.     Discovery Material.**  Documents, discovery responses, including interrogatory responses, responses to requests for admission, etc., deposition testimony, photographs, videotapes, data and other materials, or portions thereof, produced in discovery in this Action by any party or non-party (the "Designating Party") may be designated as "CONFIDENTIAL INFORMATION" if the Designating Party reasonably and in good faith believes they contain trade secrets or confidential research, development, commercial, personal, financial, or proprietary information, medical records, or other confidential information not already part of the public domain, including all material, data, and information obtained, derived, or generated from such materials.  Such information shall be deemed "CONFIDENTIAL INFORMATION" and shall be subject to the provisions of this Protective Order (the "Protective Order").  Any party in receipt of such produced materials shall be responsible for safeguarding all produced materials and information designated CONFIDENTIAL INFORMATION and, among other things, agrees not to host or post the CONFIDENTIAL INFORMATION on unencrypted, cloud-based data share services utilizing caching technology such as Dropbox.

**4.     Designation as Attorney's Eyes Only.**  CONFIDENTIAL INFORMATION which is of such a competitively sensitive nature that its disclosure to a party or a non-party would cause the

Case 3:15-cv-04113-MEJ   Document 44   Filed 12/06/16   Page 4 of 15

Designating Party a substantial risk of serious competitive harm may be designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." CONFIDENTIAL INFORMATION designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" is subject to the provisions of this Order governing CONFIDENTIAL INFORMATION, except that its disclosure shall be restricted as stated in paragraph 8.2, below.

5. **Designation Process.** The designation of Protected Material described in paragraph 1 above shall be made by stamping or labeling the document or portions thereof containing CONFIDENTIAL INFORMATION with the legend **"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"** or, as appropriate, "**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY**" prior to its production or, if inadvertently produced without a legend, by furnishing written notice of the inadvertent production specifically identifying documents which should have contained the legend. Protected Material may also be designated:

    (a)    in answers to interrogatories and responses to requests for admissions containing CONFIDENTIAL INFORMATION by including the words **"CONFIDENTIAL INFORMATION/SUBJECT TO PROTECTIVE ORDER"** or, as appropriate, "**HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** "to each page that contains CONFIDENTIAL INFORMATION. If only a portion or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the specific portions in the specific answers to interrogatories or responses to requests for admissions containing Protected Material; and

    (b)    as to Protected Material disclosed by a third party, by notifying all parties within twenty (20) days of receipt of such information that the information, or portions thereof, contain Protected Material .

6. **Depositions and Other Pretrial and Trial Proceedings.** Protected Material may be used or marked as exhibits in depositions or other pretrial or trial proceedings but shall remain subject to this Protective Order. In the case of deposition testimony or testimony made during hearing, counsel must note on the record that responses to particular questions or series of questions contain or may contain Protected Material and request the reporter to mark the first page of the deposition

[PROPOSED] PROTECTIVE ORDER      Case No. 5:15-CV-04113-MEJ

or hearing transcript as "CONTAINING CONFIDENTIAL INFORMATION." Parties may also designate portions of the transcript as Protected Material within twenty (20) days of receipt of the transcript by giving written notification to the opposing party and the court reporter. If a non-party's Protected Material is used in any manner at a deposition, the portions of the transcript referencing such information shall be designated "CONFIDENTIAL." Only those portions of the transcript designated as "CONFIDENTIAL" shall be considered CONFIDENTIAL INFORMATION or, as appropriate, HIGHLY CONFIDENTIAL– ATTORNEY'S EYES ONLY. Until expiration of the 20-day period, the entire deposition will be treated as HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY under this Protective Order. Attendance at portions of depositions at which Protected Material may be disclosed shall be limited to those persons authorized to view it under paragraph 8 below and only after the person[s] follow the procedure described in paragraph 7 below.

7.     **Authorized and Unauthorized Uses of Protected Material.**  Protected Material shall be kept confidential, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose, or for any purpose other than the preparation and trial of this Action in accordance with the provisions of this Protective Order without the express written consent of counsel for the Designating Party or by order of the Court.

(a)     Nothing herein shall prevent the parties from publicly disclosing any of their own Protected Material, as they deem appropriate. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

(b)     To avoid security risks currently inherent in certain current technologies and facilities' compliance with the terms of this Protective Order, and unless the party whose Protected Material is at issue agrees otherwise in writing, all persons given access to Protected Material as outlined in paragraph 8 below, shall keep all such information confidential from all other persons except as specifically provided in this Protective Order.

8. **Access to and Use of Protected Material.**

    8.1    CONFIDENTIAL INFORMATION may be disclosed only to the following persons

    (a)    Parties and parties' counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel and the parties' insurers, if any, who need to review such information in connection with this Action;

    (b)    Experts, consultants, and case-specific medical treaters whose assistance is necessary to assist counsel of record in the preparation of this case, or to testify in this action provided any such persons follow the procedure described in paragraphs 9 and 10 below;

    (c)    A deponent or a witness at trial or hearing, provided there is a reasonable basis to believe the disclosure is necessary to prepare the witness or that the witness will give relevant testimony regarding the CONFIDENTIAL INFORMATION.  If a party wishes to show CONFIDENTIAL INFORMATION to a deponent in preparation for a deposition, the party must follow the procedure described in paragraph 9 before disclosing the CONFIDENTIAL INFORMATION.  If a party wishes to disclose CONFIDENTIAL INFORMATION to a deponent under this provision, notice and an opportunity to object must be afforded to the Designating Party.  If the disclosure is at a deposition, notice may be given at the deposition;

    (d)    The Court or any Court personnel, including court reporters;

    (e)    A person identified in the document as a subject of the communication, or having authored or previously received the document;

    (f)    Copy or imaging services retained by counsel to assist in the duplication of CONFIDENTIAL INFORMATION, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any CONFIDENTIAL INFORMATION to third parties and to immediately return all originals and copies of any CONFIDENTIAL INFORMATION; and

    (g)    Any person mutually agreed upon among the parties.

8.2     HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY information may only be disclosed to the following:

(a) Outside Counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel;

(b) Experts, consultants, and case-specific medical treaters whose assistance is necessary to assist Outside Counsel in the preparation of this case, or to testify in this action;

(c) One Designated In-House Counsel tasked with the primary responsibility of supervising this litigation of the party that received the information to whom disclosure is reasonably necessary for this litigation. Prior to disclosure of HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION to Designated In-House Counsel, Outside Counsel for the party that employs the Designated In-House Counsel shall obtain a written declaration from the Designated In-House Counsel that attests that Designated In-House Counsel will not use any HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION received in this litigation for any purpose other than the litigation.

(d) Employees of a party to whom disclosure is reasonably necessary for this litigation and who have previously worked on projects with the Disclosing Party utilizing the technology that is the subject of the HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION. Prior to disclosure of HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION to such employees, Outside Counsel for the party that employs the employees to whom disclosure of HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION is sought shall obtain a written declaration from such employees that they will not use any HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION received in this litigation for any purpose other than the litigation.

(e) The Court or any Court personnel, including court reporters;

(f) A person identified in the document as a subject of the communication, or having authored or previously received the document;

(g) Copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material; and

(h) Any person mutually agreed upon between the Designating Party and the party seeking to disclose HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY INFORMATION.

9. **Persons Bound by Order.**  Before being given access to any Protected Material, each person to whom it will be disclosed, other than the court and court personnel, shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by the terms of this Protective Order by signing a copy of the attached Acknowledgment (Exhibit A).  Counsel for each party shall maintain a list of all persons to whom they or their client(s) have provided any Protected Material, which list shall be available for inspection by the Court.

10. **Collateral Litigants**.  This Protective Order does not allow for the automatic disclosure of CONFIDENTIAL INFORMATION to attorneys for plaintiffs in other lawsuits asserting claims against Intuitive Surgical in connection with their da Vinci surgeries relating to the same surgical procedure and version of *EndoWrist®* instruments ("Collateral Litigants").  To the extent Pohly wishes to share CONFIDENTIAL INFORMATION with Collateral Litigants, the identity of such Collateral Litigants and their attorneys must be identified to the Designating Party in writing in advance of disclosure.  Upon receiving written notice of intended disclosure, the Designating Party shall have ten (10) court days to object to the disclosure of the documents to the Collateral Litigants or their attorneys identified by Pohly's counsel to whom the Designating Party contends disclosure is inappropriate under the Protective Order and state the grounds for the objection.  If the parties cannot resolve the dispute, the Designating Party may seek resolution of its objection by this Court, which will decide whether to modify the Protective Order so that such identified

Collateral Litigants are not precluded from obtaining the CONFIDENTIAL INFORMATION. The Collateral Litigants and/or Plaintiff have the burden to demonstrate the relevance of the CONFIDENTIAL INFORMATION to the collateral proceedings and its general discoverability therein. Any dispute regarding the ultimate discoverability of the CONFIDENTIAL INFORMATION in the other lawsuits pressed by Collateral Litigants must be resolved by the presiding judges in the respective collateral courts.

11. **Non-Disclosure to Competitors.** No Protected Material shall be disclosed to any person who, upon reasonable and good faith inquiry, could be determined to be a Competitor of the Designating Party, unless plaintiff has retained such person as a consultant or expert in this Action, but then only after notifying the Designating Party of the person retained in advance of any such disclosure and allowing the Designating Party ten (10) court days to move the court for an order preventing the disclosure of such Protected Material to the Competitor. If the Designating Party moves for an order to prevent disclosure under this Paragraph, no disclosure shall be made until the Court rules on the motion. With respect to Intuitive Surgical, "Competitor" shall mean any person or entity engaged in the business of designing, manufacturing and/or selling robotic surgical systems, instruments for robotic surgical systems or component parts for use with such systems and instruments, including but not limited to any director, officer, employee or consultant of such Competitor entity. Intuitive Surgical shall not introduce evidence of the disqualification of any of plaintiff's proposed experts under this section at trial. Any person who receives Confidential Information under this Protective Order shall be prohibited from using it to compete with the Designating Party.

12. **Use of Confidential Information at Trial.** Information identified as "CONFIDENTIAL INFORMATION" in accordance with this Protective Order may be disclosed in testimony at the trial of this Action or in other proceedings in this matter, subject to the rules of evidence and to such further orders this Court may enter.

13. **Use of Confidential Information In Court.** PROTECTED MATERIAL is not to be filed with the Court, except when required in connection with motions or other matters pending before the Court and subject to compliance with the procedures set forth in with Local Rule 79-5 as

modified by this Paragraph. Prior to filing, the party seeking to file PROTECTED MATERIAL in support of a motion or other matter pending before the Court must first notify all parties of its intent to file PROTECTED MATERIAL and provide a copy of the motion and PROTECTED MATERIAL to the Designating Party. The Designating Party or the party who has a right to the subject matter of the PROTECTED MATERIAL will have seven (7) court days to file an administrative motion to seal in accordance with Civil Local Rule 7-11. Any response or reply to the motion to seal, or underlying motion, shall also be filed in accordance with Civil Local Rule 7-11. If no motion is filed within seven (7) court days, the party intending to use the PROTECTED MATERIAL may file its motion and PROTECTED MATERIAL with the Court. If a motion to seal is filed, the parties shall wait for the Court's determination of the motion to seal before taking further action. In the event that a party determines it needs to file PROTECTED MATERIAL in response to a non-dispositive motion or to file PROTECTED MATERIAL in reply in support of a non-dispositive motion, the parties will agree to adjust the hearing date to allow sufficient time for the motion to seal to be at issue before the Court on or before the hearing date on the underlying motion.

14. **Inadvertent Failure to Designate as Confidential Information.** Inadvertent failure to designate documents or information as CONFIDENTIAL INFORMATION shall not constitute a waiver of the Designating Party's claim to confidentiality, provided that the Designating Party shall promptly notify the receiving party in writing within ten (10) court days of such discovery. Upon receipt of such notice, each receiving party shall treat the material identified in the notice as CONFIDENTIAL INFORMATION, consistent with the terms of this Protective Order. Each receiving party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains CONFIDENTIAL INFORMATION, as defined by this Protective Order.

15. **No Waiver of Privilege.** This Protective Order does not affect or constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable legal privilege. Inadvertent production of confidential documents subject to work-product immunity, the attorney-client privilege, or other

legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege.  The party discovering the inadvertent production shall promptly notify the receiving party in writing when it becomes aware of such inadvertent production.  Within five (5) court days of receiving such notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.

     15.1   No less than twenty (20) court days after providing notification of inadvertently disclosed information, the Producing Party shall produce a privilege log listing such information.

     15.2   The receiving party may move the Court for an order compelling production of the inadvertently disclosed information.  Such motion shall be filed under seal in accordance with Local Rule 79-5 and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.  On any such motion, the Producing Party shall retain the burden of establishing its privilege or work product claims.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertently disclosed information.

**16.**    **Order Survives Termination of Action.**  This Protective Order shall remain in full force and effect and survive the entry of any other order resulting in termination of this Action, unless this Protective Order is expressly modified or vacated by the Court, with all parties and non-parties who have produced Confidential Information having had notice and an opportunity to be heard.

**17.**    **Disposition of Protected Materials.**  After the final conclusion of this Action, and to the extent permitted by law, the Parties, their counsel, and Consultants who have received PROTECTED MATERIAL from another party or non-party shall either return or destroy all materials designated as PROTECTED MATERIAL, including copies, extracts, and summaries thereof, within sixty (60) days of the request to do so.  This provision does not apply to (1) copies of any pleadings or other papers that have been filed with the Court; (2) any work product deemed

"Confidential"; or (3) any documents designated "CONFIDENTIAL INFORMATION" with respect to which confidentiality has been successfully challenged in accordance with paragraph 19, below. The party or non-party which produced the PROTECTED MATERIAL shall keep and maintain an electronic copy of all such PROTECTED MATERIAL produced in this case for a period of five (5) years after the final conclusion of this case.

18. **Court Retains Jurisdiction.** The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 8 to receive CONFIDENTIAL INFORMATION for the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

19. **Challenges to Confidentiality Designation.** If a party disagrees with the designation of materials or information as "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" the party challenging the designation, the Designating Party, and any other interested party or non-party shall first try in good faith to informally resolve the dispute. The party challenging the designation shall provide the Designating Party and any other party or non-party a written request, by letter or email, identifying the documents or information which it believes should have the designation removed and stating the specific reasons that party does not believe the materials or information were properly designated. If it becomes necessary for the Court to resolve the dispute, any party or non-party seeking to enforce the designation may file a motion to preserve the designation no more than ten (10) court days after the parties' informal attempts to resolve the issue have failed. Any response or reply to the motion to seal, or underlying motion, shall also be filed in accordance with Local Rule 79-5. A failure to file a motion within ten (10) court days shall constitute a waiver of the designation. The party or non-party seeking to enforce the designation shall make its filing pursuant to Local Rule 79-5. Pending the Court's decision on the motion, the information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY INFORMATION shall be treated as though it were CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY INFORMATION within the meaning of this Protective Order. With respect to any motions relating to the confidentiality of documents

or related information, the burden of justifying the designation shall lie with the party or non-party seeking to enforce the designation. All parties retain the right to appeal the decision of the Court.

**20.** **Subpoena by Other Courts or Agencies.** If a party (or its agent, officer, employee, representative, or attorney) receives a discovery request, subpoena, or other process seeking disclosure of PROTECTED MATERIAL, the party shall:

20.1   Immediately notify in writing, via overnight mail or email, the party, person, or entity who has designated the requested information or documents as "CONFIDENTIAL INFORMATION" or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY INFORMATION that such a request has been made, shall provide a copy of the subpoena or court order, and shall provide that party with an opportunity to file a motion for protective order or take other appropriate action prior to producing the requested information or documents;

20.2   Promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement.

**21.** **Modification Permitted.** Nothing contained in this Protective Order shall prejudice the right of any party to seek modification or amendment of this Protective Order by further Court order, upon motion and notice.

**IT IS SO ORDERED.**

DATED December 6, 2016

_____
Honorable Maria-Elena James

Through the undersigned counsel, the parties consent to entry of this Order:

Dated: November 16, 2016

/s/ Peter J. Mullenix
_____
Richard Friedman (CA State Bar # 221622)
Peter J. Mullenix (*pro hac vice*)
Friedman | Rubin
51 University Street, Suite 201
Seattle, WA 98337
Telephone: (206) 501-4446
Facsimile: (206) 623-0794
*Counsel for Plaintiff*

Dated:  November 16, 2016

/s/ Sheryl Leung
_____
Allen Ruby (CA State Bar # 47109)
Sheryl Leung (CA State Bar # 238229)
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
*Counsel for Defendant*

Dated: November 16, 2016

/s/ Michael MacPhail
_____
Michael R. MacPhail (CO Bar # 26382)
Faegre Baker Daniels
1700 Lincoln Street, 3200 Wells Fargo Center
Denver, CO 80203
Telephone: (303) 607-3692
Facsimile: (303) 607-3600

*Counsel for Non-Party Encision, Inc.*

**EXHIBIT A to PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD POHLY,<br><br>            Plaintiff,<br><br>    v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>            Defendant. | Case No.: 5:15-CV-04113-MEJ<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Judge:  Honorable Maria-Elena James<br><br>Complaint Filed:  September 9, 2015 |

   I certify that I have read and understood the Protective Order entered in this matter and agree to be bound by the terms thereof, and that I agree not to disclose any CONFIDENTIAL INFORMATION to any person other than as permitted by the Protective Order.  I understand that any disclosure of the CONFIDENTIAL INFORMATION, or any information derived therefrom constitutes contempt of court.  I further consent to the exercise of personal jurisdiction by the above Court in any proceeding(s) to enforce the terms of the Protective Order.

   Dated this ____ day of _____, _____.

   _____
   Signature

   _____
   Printed Name

   _____
   Address

   _____
   City and State

   _____
   Telephone Number

1