UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POHLY,<br><br>    Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant. | Case No. 15-cv-04113-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 45, 52, 56 |

# INTRODUCTION

Plaintiff Richard Pohly ("Plaintiff") and Defendant Intuitive Surgical, Inc. ("ISI") have filed several Motions to File under Seal in connection with Plaintiff's Motion for Partial Summary Judgment: (1) Plaintiff's Motion regarding documents filed in support of his opening brief ("Summary Judgment Sealing Motion"); (2) ISI's Motion regarding documents filed in support of its Opposition ("Opposition Sealing Motion"); and (3) Plaintiff's Motion regarding documents filed in support of his Reply ("Reply Sealing Motion"). *See* MSJ Seal Mot., Dkt. No. 45; Opp'n Seal Mot., Dkt. No. 52; Reply Seal Mot., Dkt. No. 56. Having considered the parties' arguments and the relevant legal authority, the Court issues the following order.[1]

---

[1] The parties failed to abide by the Civil Local Rules in several ways. For instance, ISI filed its Responses to both the Summary Judgment and the Reply Sealing Motions seven days after Plaintiff filed his Motion, beyond Civil Local Rule 79-5(e)(1)'s four-day deadline. *See* MSJ Seal Resp. As Plaintiff does not oppose the late Response, and as the documents sought to be sealed may contain confidential information, the Court nonetheless considers the Response. With the exception of the Opposition Sealing Motion, the parties also failed to attach "[a]n unredacted version of the document sought to be filed under seal [that] . . . *indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version*, and prominently display the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'" Civ. L.R. 79-5(d)(1)(D) (emphasis added; capitalization in the original).
Future failures to adhere to the applicable rules of this Court will not be tolerated and may result

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

Where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

## DISCUSSION

Because these sealing motions pertain to a dispositive motion, the Court applies the compelling reasons standard. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010).

### A.   The Summary Judgment Sealing Motion

Plaintiff's Summary Judgment Sealing Motion pertains to documents that ISI designated as confidential: (1) the Memorandum of Points and Authorities to Plaintiff's Motion for Partial

---

in the striking of pleadings or other possible sanctions.

1  Summary Judgment (the "Motion for Summary Judgment"); (2) the Declaration of Peter J.
2  Mullenix in Support of Plaintiff's Summary Judgment Motion (the Mullenix Decl., Dkt. No. 45-
3  3); and (3) Exhibits 1, 5, 10, 12-14, 16, 19-21, 23, 25, 27, 29, 31, 33-34, and 54-58 to the Mullenix
4  Declaration.  MSJ Seal Mot. at 1-2; *see* Mot. for Summ. J., Dkt. No. 46; Mullenix Decl., Dkt. No.
5  45-3.  Although Plaintiff does not believe these documents should remain confidential, he submits
6  the Motion in accordance with the parties' protective order.  MSJ Seal Mot. at 2.

7  As required by Civil Local Rule 79-5(e)(1), ISI submits the Declaration of David Stoffel,
8  ISI's Vice President of Marketing and New Business Development (the "Stoffel MSJ Seal
9  Declaration") in support of the redaction of (1) portions of Exhibits 1, 4, 9, 10, 16, 19, 20, 21, 27,
10 29, 31, 32, and 48 to the Mullenix Declaration; (2) portions of Plaintiff's Motion for Summary
11 Judgment; and (3) Exhibit 33 to the Mullenix Declaration in its entirety.  *See* MSJ Seal Resp., Dkt.
12 No. 51; Stoffel Decl., Dkt. No. 51-2.

13  1.  <u>The Mullenix Declaration and Exhibits 5, 12-14, 23, 25, 34, and 54-58</u>
14  ISI does not argue the Mullenix Declaration and its accompanying Exhibits 5, 12, 13, 14,
15 23, 25, 34, 54, 55, 56, 57 and 58 should be sealed.  Accordingly, the Court DENIES the Motion as
16 to the Mullenix Declaration and the aforementioned exhibits.  Plaintiff shall refile these exhibits in
17 the public record of this case.

18  2.  <u>Exhibits 1, 4, 9, 10, 16, 19, 20, 21, 27, 29, 31, 32, and 48</u>
19  Stoffel explains the bases for sealing portions of Exhibits 1, 4, 9, 10, 16, 19, 20, 21, 27, 29,
20 31, 32, and 48 as follows:

| Exhibit | ISI's Basis for Sealing |
|---|---|
| 1 | "[C]ontain[s] technical information concerning ISI's proprietary design, manufacturing, and quality engineering processes."  Stoffel MSJ Seal Decl. ¶ 6. |
| 4 | "[I]dentifies and evaluates the potential failure of ISI's supplier's manufacture and testing processes."  *Id.* ¶ 7. |
| 9 | "[R]eveal[s] the material composition of the [Monopolar Curved Scissors ("MCS")] instrument, ISI's manufacturing and safety testing protocols and |

| | | |
|---|---|---|
| | | procedures, design improvements on the MCS instrument, and electrical testing methods." *Id.* ¶ 8. |
| | 10 | "[D]iscuss[es] the design specifications and product requirements for the MCS." *Id.* ¶ 9. |
| | 16 | "[P]rovide[s] details of design of experiment[] testing protocols and results and alternate design testing and results."  *Id.* ¶ 10. |
| | 19 | "[R]eveal[s] the material composition of the MCS instrument, ISI's manufacturing and testing protocols and procedures, design schematic drawings, safety testing protocols, failure mode analysis, design improvements on the MCS instrument, and manufacturing and inspection methods."  *Id.* ¶ 11. |
| | 20 | "[C]ontain[s] information regarding ISI's root cause investigation, analysis and revised manufacturing processes to address the root cause of the MCS microcracks issue. [] The redacted portions of this document cover trade secret and confidential information regarding the manufacturing processes of ISI's component supplier." *Id.* ¶ 12. |
| | 21 | "[D]iscuss[es] ISI's testing protocols and results on an experimental design of the MCS not used in Plaintiff's surgery."  *Id.* ¶ 13 |
| | 27 | "[C]ontain[s] technical information concerning ISI's material composition, manufacturing and testing protocols and procedures, design schematic drawings, safety testing protocols, failure mode analysis, design improvements on the MCS instrument for an unrelated product issue, manufacturing raw component analysis including variability and process capability analysis, detailed design drawing, and electrical testing methods."  *Id.* ¶ 14.<br>"[R]eflect[s] ISI's confidential test procedures and test results used by ISI as part of its quality improvement engineering processes to further improve the robustness of its products."  *Id.* |
| | 29 | "[R]elate[s] to the material composition of a component of the MCS and ISI's testing protocols and results from its investigation into the MCS microcracks |

| | | |
|---|---|---|
| 1 | | issue." *Id.* ¶ 15 |
| 2-3 | 31 | "[C]ontain[s] information concerning ISI's investigation methods concerning its returned instruments." *Id.* ¶ 16. |
| 4-6 | 32 | "[D]iscuss[es] the material composition of the MCS and component parts, its manufacturing and testing protocols and results, evaluate the potential failure of ISI's manufacturing and testing processes." *Id.* ¶ 17. |
| 7-14 | 48 | "[Q]uotes from redacted portions of . . . Exhibits 27 and 31 of the Mullenix Declaration[] that contain ISI trade secret and proprietary confidential information[.]" *Id.* ¶ 19. "[I]dentif[ies] the material composition of the MCS main tube used in Plaintiff's surgery as well as the different material composition of the main tube on a prior model of the MCS not used in Plaintiff's surgery . . . . [and] discuss[es] the results of ISI's root cause analysis and ISI's product verification testing protocols and results." *Id.* |

Stoffel explains that if this information is disclosed, it "is likely to have an adverse impact on the business operations of ISI by undermining the competitive advantage it enjoys by keeping the information . . . confidential." *Id.* ¶ 3. For instance, ISI's competitors could use this information to develop or improve its own products based upon ISI's research and development, testing, and refinements to the manufacturing process. *See id.* ¶¶ 6-17, 19; MSJ Seal Resp. at 3 ("Stripping the confidentiality from the technical knowledge gleaned from the investigation and results of that expensive and lengthy research would inure to the benefit of competitors who would profit commercially from this 'head start' information.").

The Court GRANTS the Motion to seal these exhibits. ISI has shown there are compelling reasons to seal portions of these exhibits, namely, they contain information that qualify as trade secrets or confidential research. *See Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (defining "trade secret" as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." (internal quotation marks omitted)); *GPNE Corp. v.*

*Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) ("[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" (quoting Fed. R. Civ. P. 26(c)(1)(G)). ISI has also made a particularized showing of specific prejudice or harm that could result from the public disclosure of this information. *See Ochoa v. McDonald's Corp.*, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) ("An unsupported assertion of 'unfair advantage' to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." (internal quotation marks and brackets omitted)). Finally, the proposed redactions are narrowly tailored to protect only sealable information. *See* Civ. L.R. 79-5(b).

### 3. Plaintiff's Motion for Summary Judgment

Stoffel declares the proposed redactions to Plaintiff's Motion for Summary Judgment "relate to information contained in Exhibits 1, 4, 9, 10, 16, 19, 20, 21, 27, 29, 31, 32, and 48." Stoffel MSJ Seal Decl. ¶ 20. As the Court granted the Motion to seal portions of these exhibits, it GRANTS the Motion to seal those portions of the Complaint that refer to the information contained in the exhibits as well.

### 4. Exhibit 33

ISI seeks to seal Exhibit 33 in its entirety. Leung Decl. ¶ 3, Dkt. No. 51-3. Stoffel explains Exhibit 33 "lists the potential failures of ISI's sub-supplier's manufacturing processes and controls implemented to mitigate and address the potential failures associated with [the] manufacturing of the main tube of the MCS instrument." Stoffel MSJ Seal Decl. ¶ 18. If this information were made public, "a competitor could use [it] to develop or improve its own products based upon ISI's research and development." *Id.* There compelling reasons to seal Exhibit 33, as it contains information that qualifies as trade secrets or "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

### B. The Opposition Sealing Motion

ISI also seeks to seal portions of Exhibits 11 and 12 to the Declaration of Sheryl Leung, which it filed in support of its Opposition. Opp'n Seal Mot. at 1; *see* Leung Opp'n Decl., Dkt. No.

51-3. Plaintiff does not oppose ISI's Motion. Dkt. No. 55 (statement of non-opposition).

According to Stoffel, the proposed redactions of Exhibit 11 "contain technical information concerning ISI's investigation of the microcracks issue for its MCS instrument" such as negative information gleaned from the microcracks investigation that was used by ISI to make manufacturing process improvements." Stoffel Opp'n Seal Decl. ¶ 6, Dkt. No. 52-1. The proposed redactions of Exhibit 12 seek to maintain the confidentiality of "ISI's root cause investigation, analysis, and revised manufacturing processes to address the root cause of the MCS microcracks issue." *Id.* ¶ 7. The redactions also "reveal the material composition of the MCS instrument and design improvements on the MCS instrument." *Id.* Stoffel avers that competitors could use the information in Exhibits 11 and 12 "to develop or improve its own products based on ISI's research and development." *Id.* ¶¶ 6-7.

The Court GRANTS ISI's Motion. The proposed redactions of Exhibits 11 and 12 pertain to specific data about the MCS instrument that qualifies as trade secrets that could be used to harm ISI's competitive advantage. ISI's interest in maintaining the confidentiality of their trade secrets outweighs the public's interest in accessing this information. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption [of public access to court records]."). Further, the proposed redactions are narrowly tailored in accordance with Civil Local Rule 79-5(b).

**C.     The Reply Sealing Motion**

Plaintiff requests the Court seal Exhibits 62, 63, 64, and 65 to the Supplemental Declaration of Peter J. Mullenix ("Supplemental Mullenix Declaration"). Reply Seal Mot. at 2; *see* Suppl. Mullenix Decl., Dkt. No. 56-3. Plaintiff sates these exhibits consist of materials ISI produced and designated as confidential pursuant to the parties' protective order. Reply Seal Mot. at 2. In response, ISI requests the Court seal only portions of Exhibit 62, which consists of an email exchange detailing experiment testing protocols and results. Reply Seal Resp. at 1, Dkt. No. 61; *see* Gilford Decl., Ex. A, Dkt. No. 61-3 (proposed redactions). Stoffel declares the proposed redactions conceal "information that would be valuable to a competitor who could use this

7

information to develop or improve its own products based on ISI's research, testing, and refinements." Stoffel Reply Seal Decl. ¶ 6, Dkt. No. 61-2.

The Court GRANTS the Motion as to Exhibit 62. *See Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain[ed] . . . confidential product development information, the disclosure of which could harm [the defendant's] competitive advantage in the marketplace."). Because ISI does not respond to Plaintiff's request as to Exhibits 63, 64, and 65, the Court DENIES the Motion as to these Exhibits. Plaintiff shall file these exhibits in the public docket.

## CONCLUSION

In light of the foregoing analysis, the Court **GRANTS** the Motions to seal the following:

1. Portions of Exhibits 1, 4, 9, 10, 16, 19, 20, 21, 27, 29, 31, 32, and 48 to the Mullenix Declaration;
2. Exhibit 33 of the Mullenix Declaration in its entirety;
3. Portions of Plaintiff's Motion for Summary Judgment;
4. Portions of portions of Exhibits 11 and 12 to the Leung Opposition Declaration; and
5. Portions of Exhibit 62 to the Supplemental Mullenix Declaration.

The Court **DENIES** the Motions to seal the following:

1. Exhibits 5, 12, 13, 14, 23, 25, 34, 54, 55, 56, 57 and 58 to the Mullenix Declaration; and
2. Exhibits 63, 64, and 65 to the Supplemental Mullenix Declaration.

The parties shall re-file these Exhibits in accordance with this Order by March 13, 2017. In addition, the parties shall file under seal and provide chambers copies of unredacted versions of the documents that indicate, by highlighting or other clear method, the portions that have been omitted from the redacted version.

//

//

//

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge