UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POHLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-04113-MEJ<br><br>**ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 46 |

## INTRODUCTION

Pending before the Court is Plaintiff Richard Pohly's ("Plaintiff") Motion for Partial Summary Judgment. Mot., Dkt. No. 46. Defendant Intuitive Surgical, Inc. ("ISI") filed an Opposition (Dkt. No. 53), and Plaintiff filed a Reply (Dkt. No. 56). The Court previously found this Motion suitable for disposition without oral argument. Dkt. No. 60. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** Plaintiff's Motion for the following reasons.

## BACKGROUND

On July 31, 2012, Plaintiff underwent a robotically-assisted prostatectomy—known as a *da Vinci* prostatectomy—at University of Texas Southwestern Medical Center. Compl. ¶¶ 13, 61, Dkt. No. 1. ISI manufactured the *da Vinci* robot system which assisted the surgeon. *Id.* ¶ 11. Plaintiff alleges that during the surgery, he was injured by a stray electrical current escaping from monopolar curved scissors ("MCS"), an ISI-manufactured instrument also known as "Hot Shears." *Id.* ¶¶ 13, 20, 22, 61. Plaintiff contends the MCS contained a defect called "microcracking," a defect imperceptible to the naked eye, which allowed the electricity to escape in the form of sparks. *Id.* ¶ 20. The electricity caused Plaintiff to suffer internal burns to his rectum. *Id.* ¶ 62.

Plaintiff initiated this action on September 9, 2015. *See* Compl. He asserts five causes of action against ISI: (1) Product Liability – Defect in Construction; (2) Product Liability – Defect in Design; (3) Defect in Warning/Marketing Defect; (4) Negligence; and (5) Fraud. *Id.* ¶¶ 77-106.

## LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324-25.

If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 250. All reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). However, it is not the task of the Court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The Court "rel[ies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Id.*; *see also Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Thus, "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references

so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322 (internal quotations omitted).

Additionally, at the summary judgment stage, parties must set out facts they will be able to prove at trial. At this stage, courts "do not focus on the admissibility of the evidence's form . . . . [but] instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citation omitted). "While the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial, the proponent must set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (citations omitted). Accordingly, "[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of L.A.*, 253 F.3d 410, 418-19 (9th Cir. 2001); *Celotex*, 477 U.S. at 324 (a party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment."); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

## DISCUSSION

Plaintiff seeks summary judgment on the issue of whether "any electrified scissors made by . . . ISI . . . that were sold with 'microcracks' in their main tube were defective under either California or Texas law." Mot. at 1, 13.[1]

Plaintiff asks, "Is a medical instrument considered defective under California or Texas product liability law when it does not meet its manufacturer's specifications and the failure to meet specifications raises the possibility of an unrecognized thermal injury to internal organs

---

[1] Plaintiff also seeks, pursuant to Rule 56, an order striking ISI's Fifth, Seventh, Ninth, Eleventh, and Fifteenth affirmative defenses. Mot. at 1, 13, 15-16; *see* Answer at 12-13, Dkt. No. 18. A Rule 56 motion is not the proper mechanism to strike affirmative defenses; the request to strike is properly brought in a motion under Rule 12(f). *See* Fed. R. Civ. P. 12(f). In any event, ISI withdraws its Fifth, Seventh, Ninth, Eleventh, and Fifteenth affirmative defenses. Opp'n at 2. The Court accordingly DENIES Plaintiff's Motion as to this issue AS MOOT.

during surgery?" Mot. at 13; *see id.* at 2 ("What is ripe for summary ruling . . . is the more general question of whether scissors with microcracks are defective within the meaning of either California or Texas product liability law."). The Court declines to consider this question.

Plaintiff's Motion constitutes an impermissible request for an advisory opinion. "As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947). "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

Plaintiff seeks a ruling on an issue that, at this point, is contingent on finding the existence of a defect. Plaintiff neither argues nor offers facts showing the specific MCS used during his surgery contained microcracks. At most, Plaintiff presents evidence that "the version of the Hot Shears that had been used in the Pohly surgery had 'a potential issue' in that those instruments 'may develop micro-cracks near the distal (scissor) end of the shaft following reprocessing.'" Mot. at 5 (citing Mullenix Decl., Ex. 25). Even if "[i]t is *certain* that ISI sold scissors for four years with microcracks" (Reply at 3 (emphasis in original)), this fails to establish that the MCS used during Plaintiff's surgery contained microcracks. Plaintiff's evidence of reports from other doctors regarding burns allegedly caused by MCS instruments (*see* Mot. at 9-10) is also unavailing: this is not evidence that the MCS at issue here contained microcracks. A *potential* issue is not evidence that the particular instrument used during Plaintiff's surgery contained the alleged defect.

Plaintiff urges that the "Court should . . . rule that, to the extent the scissors used in Mr. Pohly's surgery had 'microcracks,' they were defective within the meaning of California law."[2] Mot. at 15. Such a ruling would also be premature. The Court must first conclude the MCS used on Plaintiff contained microcracks before it can consider whether the presence of microcracks

---

[2] The parties dispute whether California or Texas law applies. Because Plaintiff seeks an advisory opinion, the Court need not reach this issue at this point.

violates a law. As the record is devoid of such facts, the Court would be required to impermissibly assume the MCS used on Plaintiff contained the alleged defect. Plaintiff's narrower question therefore requests an advisory opinion. *See Wirtz v. Intravaia*, 375 F.2d 62, 66 (9th Cir. 1967) ("The record . . . does not tell us whether the facts assumed in the question are true. We must decline what is really a request that we render an advisory opinion.").

## CONCLUSION

Based on the analysis above, the Court **DENIES** Plaintiff's Motion.

The Court shall hold a Case Management Conference on April 6, 2017 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. This conference shall be attended by <u>lead</u> trial counsel for parties who are represented. No later than seven calendar days before the Case Management Conference, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/mejorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms. If the statement is e-filed, no chambers copy is required.

The parties were previously referred to private mediation. Dkt. No. 22. In their Joint Case Management Statement, the parties shall state whether those private mediation efforts are ongoing, or whether another alternative dispute resolution process would be beneficial.

**IT IS SO ORDERED.**

Dated: March 7, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge