UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD POHLY,<br>　　　　Plaintiff,<br>　　v.<br>INTUITIVE SURGICAL, INC.,<br>　　　　Defendant. | Case No. 15-cv-04113-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 96 |

On April 13, 2017, Plaintiff Richard Pohly filed an administrative motion to file under seal his Opposition to Defendant Intuitive Surgical, Inc.'s ("ISI") Motion in Limine No. 6. Mot., Dkt. No. 96; Opp'n, Dkt. No. 96-1. Plaintiff argues the Opposition contains materials ISI designated as confidential pursuant to the parties' protective order. *See* Mot.; *see* Protective Order, Dkt. No. 44. Having considered the parties' arguments and the relevant legal authority, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public").

Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

But the presumption does not apply in the same way to nondispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to seal records attached to a nondispositive motion. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

**DISCUSSION**

The good cause standard applies to documents filed in connection with nondispositive motions in limine. *See TVIIM, LLC v. McAfee, Inc.*, 2015 WL 3776424, at *2 (N.D. Cal. June 16, 2015).

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* Civil L.R. 79-5(d)-(e). ISI, as the designating party, submits the Declaration of David Stoffel and the Declaration of Emily Reitmeier in support of Plaintiff's Motion. Stoffel Decl., Dkt. No. 104-2; Reitmeier Decl., Dkt. No. 104-3. ISI seeks to seal only a limited portion of the Opposition. *See* Reitmeier Decl., Ex. A at 5 (proposed redactions). ISI represents the proposed redactions contain information that "constitutes commercially valuable confidential and proprietary information" which could be used by competitors to ISI's disadvantage if made public. ISI Resp. at 2, Dkt. No. 104; Stoffel Decl. ¶ 3. Specifically, the information concerns "a product not yet released to the public and the technology used in that product." ISI Resp. at 2; *see* Stoffel Decl. ¶ 4 ("[T]he redacted information relates to products still in their testing phases that have not yet been released to the public and are not for sale."). Stoffel declares that "[r]elease of information about a new product could result in improper use by business competitors seeking to replicate ISI's new products, and circumvent the considerable time[] and resources[] necessary in product development and design." Stoffel Decl. ¶ 7.

"[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 598 (1978); *see Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4116738, at *2 (N.D. Cal. July 7, 2015) (applying more stringent compelling reasons standard and granting motion to file under seal information that could place plaintiff at a competitive disadvantage). ISI has established that the information sought to be sealed relates to ISI's confidential research or development and that disclosure could cause it competitive harm. ISI's proposed redactions are narrowly tailored to address that risk. *See* Civ. L.R. 79-5(b). As such, the Court GRANTS Plaintiff's Motion to file its Opposition to ISI's Motion in Limine No. 6 under seal. Plaintiff shall refile its Motion with ISI's proposed redactions no later than April 27, 2017.

The Court once more directs the parties to follow Civil Local Rule 79-5(d)(1)(D). The Court advised the parties about this rule in a prior Order regarding motions to seal. *See* Order at 1 n.1, Dkt. No. 64. In the future, the Court will strike documents that do not comply with this rule.

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge